IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

VICTOR McWILLIAMS,                )
                                  )
                 Plaintiff,       )
                                  )
     v.                           )    No.  06 C 6450
                                  )
CHICAGO TRANSIT AUTHORITY,        )
                                  )
                 Defendant.       )

                      MEMORANDUM ORDER

    Victor McWilliams ("McWilliams") has sued the Chicago Transit Authority ("CTA"), seeking to recover damages for an incident that occurred on August 24 of this year when he was a passenger on a CTA bus.  Because McWilliams is presently confined at the Cook County Jail, he has mistakenly (though understandably on the part of a nonlawyer) used the printed form of Complaint made available to prisoners there to bring actions under 42 U.S.C. §1983 ("Section 1983").  McWilliams has also accompanied his Complaint with filled-out forms of an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion").

    This is not of course a civil rights action of the kind that can be pursued under Section 1983.  All that Complaint ¶V alleges in relevant part is this:

> C.T.A. Defendants fail to secure the top window, and metal frame.  As a result of failed inspections this object to wit "one full pane of glass housed in a black metal frame" same crashing down on my head, causing head, neck & back damages.

That asserted negligence on CTA's part has not even arguably

violated any of McWilliams' federal constitutional rights, and no other basis for federal jurisdiction exists.

Federal courts are courts of limited jurisdiction, with power to hear only such cases as Congress prescribes. McWilliams has simply mistaken the court to which he must turn for relief, and this Court must and does dismiss both the Complaint and this action for lack of subject matter jurisdiction. This dismissal does not of course bar McWilliams from bringing his claim to the state court system, where no such limit on subject matter jurisdiction exists.

One related point should be made. Ten years ago, in an effort to cut back on the number of federal lawsuits being brought by persons in custody in jails and prisons around the country, Congress amended 28 U.S.C. §1915 ("Section 1915") to require all such persons to pay the full filing fee--now $350. Those who are unable to pay the fee in advance must pay the entire fee in installments as funds become available in their jail or prison trust fund accounts. But in this case this Court believes that McWilliams cannot be faulted for his mistaken use of the forms made available to him, so it will not engage in the procedure marked out by Section 1915. Instead both the Application and the Motion are simply denied as moot.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 4, 2006